**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA AGUAYO, ) | NO. CV 05-483-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 20, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on February 14, 2005. Plaintiff filed a motion for summary judgment on June 27, 2005. Defendant filed a cross-motion for summary judgment on July 27, 2005.

```
 1  The Court has taken both motions under submission without oral
 2  argument.  See L.R. 7-15; "Order," filed January 25, 2005.
```

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability based on rheumatoid arthritis (Administrative Record ("A.R.") 80). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 20-24, 100-88). The ALJ found that Plaintiff's testimony regarding her pain and limitations was not credible (A.R. 22). In at least partial reliance on this credibility finding, the ALJ denied benefits (A.R. 23-24). The Appeals Council denied review (A.R. 6-9).

### STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

### DISCUSSION

**I.   The ALJ's Credibility Finding Is Not Sufficiently Supported.**

When the ALJ determines that a claimant's testimony regarding pain severity is not credible, the ALJ must make "specific, cogent"

findings, supported in the record, to justify the ALJ's determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]

Plaintiff testified to pain of disabling severity (A.R. 179-83). The ALJ found this testimony not credible, for two stated reasons. First, the ALJ asserted that Plaintiff's claims regarding her limited daily activities "cannot be objectively verified with any reasonable degree of certainty" (A.R. 22). Second, the ALJ stated that "even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision." Id. The ALJ did not specify, nor is it clear from the ALJ's decision, what the reference to "other factors" means.

In effect, the ALJ discredited Plaintiff's pain testimony based only on the absence of objective evidence to support Plaintiff's allegations of pain. The lack of supporting objective evidence, however, cannot by itself justify discrediting a claimant's pain testimony. See Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001) ("the ALJ may not reject the claimant's statements regarding her

---

[1] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

1  limitations merely because they are not supported by objective
2  evidence"); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988)
3  (the ALJ may not discredit excess pain testimony solely on the ground
4  that it is not fully corroborated by objective medical evidence);
5  Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) (same).
6  Consequently, the ALJ's decision lacks specific findings sufficient to
7  support the rejection of Plaintiff's pain testimony.

**II.    Remand is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ failed to state sufficient reasons for rejecting a claimant's testimony).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 25, 2005.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4